FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENNETH MALDANADO,

        Plaintiff,

  -against-

NEW YORK CITY; NEW YORK CITY
POLICE DEPARTMENT; QUEENS COUNTY
DISTRICT ATTORNEY; NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
and BILL DE BLASIO

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-4191 (CBA) (LB)

**AMON, United States District Judge:**

Plaintiff Kenneth Maldanado brings this action pro se against New York City, the New York City Police Department ("NYPD"), the Queens County District Attorney, the New York City Department of Homeless Services ("DHS"), and Mayor Bill de Blasio. Maldanado seeks relief pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred during his August 5, 2015, arrest in Queens, New York and subsequent detention. (D.E. # 2 ("Compl.")) Maldanado also seeks to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (D.E. # 1.) The Court grants Maldanado's IFP application. For the reasons stated below, the complaint is dismissed without prejudice and Maldanado is granted leave to file an amended complaint within thirty (30) days of this Order.

## BACKGROUND[1]

Maldanado was arrested on or about August 5, 2015, and was charged with burglary and child endangerment in connection with an incident that occurred at a homeless shelter in Queens, New York that was operated by DHS. (Compl. at 3.) Maldanado alleges he was questioned by

---

[1] The facts below are taken from Maldanado's complaint. The Court will consider the allegations in the complaint as true for purposes of this motion.

1

police detectives and told them that he was legally at the residence, but that they did not verify this information. (Id. at 5.) He states that the charges were dismissed and he was released from detention on or about November 5, 2015. (Id. at 3.) He alleges violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments and seeks $70 million in damages. (Id. at 3, 5.)

Maldanado filed the complaint in this action in the United States District Court for the Southern District of New York on July 20, 2016. (Compl.) The case was subsequently transferred to this Court on July 21, 2016. (See D.E. # 4.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss a complaint filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(e)(2)(B). Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)).

## DISCUSSION

### I. Claim Against the NYPD and DHS

The New York City Charter requires that suit "be brought in the name of the City of New York and not in that of any agency." N.Y.C. Charter § 396; see also Ximines v. George Wingate High Sch., 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam) (noting that section 396 "has been construed to mean that New York City departments [and agencies], as distinct from the City itself, lack the capacity to be sued"). The NYPD and DHS thus may not be sued directly—instead, suit must be brought against the City of New York. Fahey v. City of New York, No. 10–CV–4609 (ILG) (MDG), 2012 WL 413990, at *5 (E.D.N.Y. Feb. 7, 2012). Accordingly, the Court dismisses Maldanado's claims against the NYPD and DHS.

### II. Claim Against the City of New York

In order to sustain a claim for relief under § 1983 against a municipal defendant, such as the City of New York, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Cash v. Cty. of Erie,

3

654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "[M]unicipalities are 'responsible only for their own illegal acts,' and cannot be held 'vicariously liable under § 1983 for their employees' actions." Cash, 654 F.3d at 333 (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)). "Rather, a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)). Here, Maldanado has not alleged that any of the actions at issue in his complaint were undertaken pursuant to a municipal policy or custom. Accordingly, Maldanado's § 1983 claim against the City is dismissed for failure to state a claim on which relief may be granted.

### III. Claim Against Mayor Bill de Blasio

In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). In other words, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Therefore, to state a claim under § 1983, Maldanado must allege that Mayor de Blasio had some personal involvement in the deprivation of his constitutional rights. However, his complaint contains no allegations regarding Mayor de Blasio, much less an explanation of how he was involved in the constitutional violations Maldanado alleges. Accordingly, Maldanado's claim against Mayor de Blasio is dismissed without prejudice. See Jenkins v. Morris, No. 11-CV-4178 (SLT) (CP), 2011 WL 3877057, at *3 (E.D.N.Y. Sept. 1, 2011) (dismissing plaintiff's § 1983 claim against Mayor Michael Bloomberg because the complaint contained no allegations concerning Mayor Bloomberg's involvement in the alleged constitutional violations).

## IV. Claim Against the Queens County District Attorney's Office

Maldanado names the Queens County District Attorney's Office as a defendant in this action, but his complaint sets forth no allegations concerning the Office's involvement in the deprivation of his rights. See Beasly v. Rosenblum, No. 05-CV-1381 (JS) (WDW), 2005 WL 19844621, at *1 (E.D.N.Y. Aug. 17, 2005) ("Plaintiff's claims against the Suffolk County District Attorney's Office ("SCDA") are lacking because, inter alia, there is no allegation of the SCDA's personal involvement in the deprivation of Plaintiff's rights.").

Moreover, any § 1983 claim predicated upon the Queens County District Attorney's Office's purportedly improper prosecution of Maldanado would be barred by absolute prosecutorial immunity. Prosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). It is well-settled that "a state prosecuting attorney who acted in the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler, 424 U.S. at 431). Such immunity typically applies when a prosecutor acts as "an officer of the court." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009); Ying Jing v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate.'" Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)). On the other hand, absolute immunity is unavailable when the challenged conduct does not concern a traditional function of a prosecutor or is unconnected with the judicial process. See,

e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Here, Maldanado has "alleged no conduct by the Queens County District Attorney's Office that falls outside the scope of prosecutorial immunity as defined by federal law." Gssime v. Kawanta, No. 12-CV-2533 (JS) (ETB), 2012 WL 3241431, at *3 (E.D.N.Y. Aug. 2, 2012). Accordingly, Maldanado's claim against the Queens County District Attorney's Office is dismissed.

## CONCLUSION

For the reasons set forth, Maldanado is given thirty (30) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned as an "Amended Complaint," and bear the docket number 16-CV-4191 (CBA) (LP).

No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Maldanado fails to amend the complaint within the time allowed, this case will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 28, 2016
Brooklyn, New York

Carol Bagley Amon
United States District Judge